TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JERRY C. YANG
Assistant United States Attorney
Chief, Riverside Branch Office
CHRISTIAN R. ACEVEDO (Cal. Bar No. 323718)
Special Assistant U.S. Attorney
Riverside Branch Office
     3403 Tenth Street Suite 200
     Riverside, California 92501
     Telephone: (951) 276-6922
     Facsimile: (951) 276-6237
     E-mail:   christian.acevedo@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ED CR No. 20-2-JGB-2 |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT BRANDON EVANS LOVETT |
| v. | |
| BRANDON EVANS LOVETT, | |
| Defendant. | |

   1.   This constitutes the plea agreement between BRANDON EVANS LOVETT ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

   2.   Defendant agrees to:

        a.   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count one of the

1  indictment in <u>United States v. Delara et al.</u>, ED CR No. 20-2-JGB,

2  which charges defendant with Bank Fraud in violation of 18 U.S.C.

3  § 1344(2).

4           b.   Not contest facts agreed to in this agreement.

5           c.   Abide by all agreements regarding sentencing contained

6  in this agreement.

7           d.   Appear for all court appearances, surrender as ordered

8  for service of sentence, obey all conditions of any bond, and obey

9  any other ongoing court order in this matter.

10          e.   Not commit any crime; however, offenses that would be

11 excluded for sentencing purposes under United States Sentencing

12 Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not

13 within the scope of this agreement.

14          f.   Be truthful at all times with the United States

15 Probation and Pretrial Services Office and the Court.

16          g.   Pay the applicable special assessment at or before the

17 time of sentencing unless defendant has demonstrated a lack of

18 ability to pay such assessments.

19          h.   Defendant agrees that any and all criminal debt

20 ordered by the Court will be due in full and immediately.  The

21 government is not precluded from pursuing, in excess of any payment

22 schedule set by the Court, any and all available remedies by which to

23 satisfy defendant's payment of the full financial obligation,

24 including referral to the Treasury Offset Program.

25          i.   Complete the Financial Disclosure Statement on a form

26 provided by the USAO and, 30 days prior to the date of the sentencing

27 hearing, deliver the signed and dated statement, along with all of

28 the documents requested therein, to the USAO by either email at

usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial Litigation Section at 300 North Los Angeles Street, Suite 7516, Los Angeles, CA 90012.  Defendant agrees that defendant's ability to pay criminal debt shall be assessed based on the completed Financial Disclosure Statement and all required supporting documents, as well as other relevant information relating to ability to pay.

j.   Authorize the USAO to obtain a credit report upon returning a signed copy of this plea agreement.

k.   Consent to the USAO inspecting and copying all of defendant's financial documents and financial information held by the United States Probation and Pretrial Services Office.

<u>THE USAO'S OBLIGATIONS</u>

3.   The USAO agrees to:

a.   Not contest facts agreed to in this agreement.

b.   Abide by all agreements regarding sentencing contained in this agreement.

c.   At the time of sentencing, move to dismiss the remaining counts of the indictment as against defendant.  Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

d.   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

e.    Recommend that defendant be sentenced to a term of imprisonment no higher than the low end of the applicable Sentencing Guidelines range

NATURE OF THE OFFENSE

4.    Defendant understands that for defendant to be guilty of the crime charged in count one, that is, Bank Fraud, in violation of Title 18, United States Code, Section 1344(2), the following must be true:  (1) defendant knowingly carried out a scheme or plan to obtain money or property from a financial institution by making false statements or promises; (2) defendant knew that the statements or promises were false; (3) the statements or promises were material; that is, they had a natural tendency to influence, or were capable of influencing, a financial institution to part with money or property; (4) defendant acted with the intent to defraud; and (5) the financial institution was federally insured.

PENALTIES AND RESTITUTION

5.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 1344(2), is: 30 years' imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

6.    Defendant understands that defendant will be required to pay full restitution to the victims of the offense to which defendant is pleading guilty.  Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victims of the offense to which defendant is pleading guilty and in amounts greater than those

4

alleged in the count to which defendant is pleading guilty.  In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offense to which defendant is pleading guilty and (b) any counts dismissed pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those counts.  The parties currently believe that the applicable amount of restitution is approximately $10,612.27 but recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing.

7.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case

may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

9.    Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on hi immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

<u>FACTUAL BASIS</u>

10.  Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the

Sentencing Guidelines factors set forth in paragraph 12 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Beginning on a date unknown and continuing until at least on or about November 12, 2019, in Riverside and San Bernardino Counties, within the Central District of California, and elsewhere, defendant and his co-schemers, knowingly and with intent to defraud, executed a scheme to obtain money, funds, credits, assets, and other property in the custody and control of federally insured financial institutions ("banks") by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

Defendant's bank fraud scheme involved stealing mail. Defendant and co-schemer 1 would steal personal documents, checks, debit cards, and credit cards from the mail and use them for their own, and for co-schemer 2's benefit. Defendant, co-schemer 2, and co-schemer 1 would also use the stolen mail to amass a collection of bank account information and personally identifiable information ("PII") belonging to real persons.

Defendant, co-schemer 1 and co-schemer 2 would use the information to fraudulently open lines of credit and checking accounts at banks in the names of victims, without authorization. Defendant, co-schemer 1 and co-schemer 2 would also rely on the information to aid in the altering of checks and creation of counterfeit checks, including making fraudulent checks to appear to be made payable to defendant, co-schemer 1, co-schemer 2 and others. Defendant, co-schemer 1 and co-schemer 2 would then cash or deposit the stolen, altered, and counterfeit checks at banks. Finally,

defendant, co-schemer 1 and co-schemer 2 would use unauthorized lines of credit and unauthorized bank accounts to make unauthorized purchases at retail locations or to obtain cash from bank employees and Automated Teller Machines ("ATMs").  Defendant, co-schemer 1 and co-schemer 2 acted with intent to defraud in that they acted with an intent to steal from and cheat the banks.

In furtherance of the scheme, defendant committed the following acts:

On or about April 19, 2019, defendant stole mail from a mailbox located on Box Springs Mountain Road in Moreno Valley, California.

On or about June 2, 2019, defendant caused a Citizens Business Bank check in the amount of $21,792.73, drawn from victim Mission Tile West's checking account ending in 7929 and modified to be made payable to "ROBERT MORALES," to be deposited into an Altura Credit Union account ending in 0101.

On or about June 7, 2019, defendant caused a US Bank check in the amount of $300, drawn from victim D.B.'s 0197 account and made payable to victim "A.A.," to be deposited into an Altura Credit Union account ending in 0101.

On or about June 7, 2019, defendant caused a Union Bank check in the amount of $264, drawn from victim D.D.'s 0399 account and made payable to victim "A.G.," to be deposited into an Altura Credit Union account ending in 0101.

On or about July 16, 2019, defendant caused a BBVA Compass Bank check in the amount of $150 but modified to appear to be in the amount of $1,500, drawn from victims J.W.'s and D.F.'s joint 6501 account and modified to be made payable to "Brandon Lovett," to be deposited into a BBVA Compass Bank account ending in 4747.

On or about August 5, 2019, defendant caused a Regions Bank check in the amount of $2,776.98, drawn from Infinity Claims's 1464 account and modified to be made payable to "Brandon Evans Lovett," to be deposited into a Clearpath Federal Credit Union account ending in 5800.

On or about August 19, 2019, defendant and co-schemer 2, each aiding and abetting the other, opened an Altura Credit Union account ending in 8290, using victim C.M.'s PII, without authorization.

On or about August 22, 2019, defendant and co-schemer 1, aiding and abetting each other, stole mail from mailboxes located on Jocelyn Lane in Yucaipa, California.

On or about November 11, 2019, defendant and co-schemer 1, each aiding and abetting the other, charged $548.00 to a One Nevada Credit Union debit card ending in 4499 in the name of victim J.S. at the San Manuel Casino in Highland, California.

Defendants' conduct resulted in at least $591,802.94 in intended losses, calculated using the face value of any checks or other negotiable instruments defendant, co-schemer 1 and co-schemer 2 possessed or negotiated and the dollar value of any fraudulent bank or retail transactions.  Defendants' conduct caused at least $10,612.27 in actual losses, calculated using the value of fraudulent retail transactions conducted and the value of fraudulent checks successfully cashed and deposited.  In total, defendants victimized at least 1,000 different people or businesses by possessing their mail, PII, bank information, checks or other negotiable instruments with fraudulent intent, and by using them for their benefit without lawful authority or authorization.

SENTENCING FACTORS

11.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

12.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 7 | U.S.S.G. § 2B1.1(a)(1) |
| Loss over $550,000: | +14 | U.S.S.G. § 2B1.1(b)(1)(H) |
| Over 10 Victims: | +2 | U.S.S.G. § 2B1.1(b)(2)(A) |
| Unauthorized Use of Means of ID: | +2 | U.S.S.G. § 2B1.1(b)(11)(C) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

13.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

14.  Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing

10

Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

15.   Defendant understands that by pleading guilty, defendant gives up the following rights:

a.   The right to persist in a plea of not guilty.

b.   The right to a speedy and public trial by jury.

c.   The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.   The right to confront and cross-examine witnesses against defendant.

f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

i.   Understanding that the government has in its possession digital devices and/or digital media seized from

defendant, defendant waives any right to the return of digital data
contained on those digital devices and/or digital media and agrees
that if any of these digital devices and/or digital media are
returned to defendant, the government may delete all digital data
from those digital devices and/or digital media before they are
returned to defendant.

<u>WAIVER OF APPEAL OF CONVICTION</u>

16.  Defendant understands that, with the exception of an appeal
based on a claim that defendant's guilty plea was involuntary, by
pleading guilty defendant is waiving and giving up any right to
appeal defendant's conviction on the offense to which defendant is
pleading guilty.  Defendant understands that this waiver includes,
but is not limited to, arguments that the statute to which defendant
is pleading guilty is unconstitutional, and any and all claims that
the statement of facts provided herein is insufficient to support
defendant's plea of guilty.

<u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

17.  Defendant agrees that, provided the Court imposes a total
term of imprisonment on all counts of conviction of no more than 78
months, defendant gives up the right to appeal all of the following:
(a) the procedures and calculations used to determine and impose any
portion of the sentence; (b) the term of imprisonment imposed by the
Court; (c) the fine imposed by the Court, provided it is within the
statutory maximum; (d) to the extent permitted by law, the
constitutionality or legality of defendant's sentence, provided it is
within the statutory maximum; (e) the amount and terms of any
restitution order, provided it requires payment of no more than
$10,612.27; (f) the term of probation or supervised release imposed

by the Court, provided it is within the statutory maximum; and (g) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

18.  The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment of no less than 63 months, the USAO gives up its right to appeal any portion of the sentence, with the exception that the USAO reserves the right to appeal the amount of restitution ordered if that amount is less than $10,612.27.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

19.  Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent

13

that such defenses existed as of the date of defendant's signing this agreement.

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

20.  Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

## EFFECTIVE DATE OF AGREEMENT

21.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

22.  Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

23.  Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge

that was either dismissed or not filed as a result of this agreement, then:

a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

24. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

15

25.   Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 12 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

26.   Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

27.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//

//

1    <u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

2        28.   The parties agree that this agreement will be considered

3    part of the record of defendant's guilty plea hearing as if the

4    entire agreement had been read into the record of the proceeding.

5    AGREED AND ACCEPTED

6    UNITED STATES ATTORNEY'S OFFICE
     FOR THE CENTRAL DISTRICT OF
7    CALIFORNIA

8    TRACY L. WILKISON
     Acting United States Attorney

9

10   _____          <u>5 November 2021</u>
     CHRISTIAN R. ACEVEDO                      Date
11   Special Assistant U.S. Attorney

12   _____          11/2/2021
     BRANDON EVANS LOVETT                      _____
13   Defendant                                 Date

14   _____          11/2/2021
     REBECCA M. ABEL                           _____
15   Deputy Federal Public Defender            Date
     Attorney for Defendant
16   BRANDON EVANS LOVETT

17
     //
18   //

19

20

21

22

23

24

25

26

27

28

                              18

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_Brandon Lovett_____    _11/2/2021_____
BRANDON EVANS LOVETT                 Date
Defendant

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am BRANDON EVANS LOVETT's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors

19

set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

REBECCA M. ABEL
Deputy Federal Public Defender
Attorney for Defendant
BRANDON EVANS LOVETT

Date   11/2/2021